# Exhibit D

## Publication Notice

20-12741    Doc 3-4    Filed 11/24/20    Entered 11/24/20 20:23:23    Exhibit D    Pg 1 of 8

CALL NOTICE FOR CREDITORS WITH A TERM OF 30 CALENDAR DAYS TO CHALLENGE THE OUT-OF-COURT REORGANIZATION PLAN FILED IN THE RECORDS OF THE OUT-OF-COURT REORGANIZATION OF ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., a closely held corporation, headquartered at Rua Lemos Monteiro No. 120, 14th floor, Parte "J", Butantã, CEP 05501-050, in the city of São Paulo, State of São Paulo, Brazil, enrolled in the Corporate Taxpayer Registration Number/Ministry of Finance (CNPJ/MF) under number 19,821,234/0001-28 ("OEC"); CNO S.A., new name of the company Construtora Norberto Odebrecht S.A., a closely held corporation, headquartered at Rua Lemos Monteiro Nº 120, 7º andar, Parte "E", Butantã, CEP 05501-050, in the city of São Paulo, State of São Paulo, Brazil, enrolled in the Corporate Taxpayer Registration Number/Ministry of Finance (CNPJ/MF) under number 15,102,288/0001-82 ("CNO"); and OECI S.A., new name of Odebrecht Engenharia e Construção Internacional S.A., a closely held corporation, headquartered at Rua Lemos Monteiro No. 120, 12th floor, Parte "H", Butantã, CEP 05501-050, in the city of São Paulo, State of São Paulo, Brazil, enrolled in the Corporate Taxpayer Registration Number/Ministry of Finance (CNPJ/MF) under number 10,220,039/0001-78 ("OECI" and together with OEC and CNO, "OEC GROUP"), PROCESS No. 1075159-25.2020.8.26.0100 (OUT-OF-COURT REORGANIZATION PROCESS). The Honorable Judge of the 1st Circuit Court of Bankruptcy and Judicial Reorganization, of the Central Civil Court, State of São Paulo, Dr. JOÃO DE OLIVEIRA RODRIGUES FILHO, as established by law, INFORMS that the OEC GROUP has requested the ratification of the OUT-OF-COURT REORGANIZATION PLAN ("PLAN") which establishes the restructuring of the debt represented by all unsecured financial credits of the OEC GROUP arising from the issue of series of notes without collateral, negotiated in organized over-the-counter markets (known as Bonds). The PLAN can be found on pages 36/604 of the OUT-OF-COURT REORGANIZATION PLAN proceedings and provides for the restructuring and novation of the credits covered according to the restructuring and payment conditions described in Articles 2 and 3 of the PLAN. The list of creditors covered by Out-of-court Reorganization is available on pages 605/609 of the proceedings. Pursuant to article 164 of Law 11,101/2005, the following order was issued: Permits. 1 – Filed by ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., CNPJ/MF No. 19,821,234/0001-28, CNO S.A., CNPJ/MF No. 15,102,288/0001-82 and OECI S.A., CNPJ/MF No. 10,220,039/0001-78, in which they claim the ratification of the plan presented on pages 36/604, according to article 163 of Law 11,101/2005. 2 – Creditors covered by out-of-court reorganization are only those of unsecured nature (financial creditors holding bonds described on pages 06/07) and the companies under reorganization provided documents seeking to prove the adherence of creditors holding more than 3/5 of the credits of this class, as per the procedure described on pages 19/21. 3 – I hereby approve the processing of out-of-court reorganization and order: a) the suspension of all actions based on net credits and subject to the reorganization plan. Pursuant to art. 161, § 4 of the Fiscal Responsibility Law (LRF), actions, and executions regarding obligations not contemplated in the out-of-court reorganization plan shall not be suspended. Therefore, otherwise, the provisions of art. 6, § 4 of the LRF, apply, suspending the actions and executions related to those creditors that are subject to an out-of-court reorganization, as well as to those that are not subject but voluntarily have adhered to the plan. On these grounds, I order the suspension of all actions against companies under reorganization based on net unsecured credits subject to the reorganization plan, whether or not they adhere to it. This stay period will be limited to 180 days as provided in Paragraph § 4 of art. 6 of the LRF. With regard to the counting of the terms, I hereby inform that the contents of the decision recently issued (April/2018) by the Superior Court of Justice (STJ) in REsp 1699528 will be observed, according to which all the terms established by Law No. 11,101/05 must be counted in calendar days, and the provisions relating to this matter in the 2015 Code of Civil Procedure will not apply to the corporate insolvency microsystem. Thus, all the terms of Law 11,101/2005, except for the appeals, since it is a microsystem of its own and the insolvency legislation has a double-sided nature, will be counted in calendar days, as well as the terms for the filing of the plan and protection of the stay period. b)

The publication of the notice convening the creditors, in the official body and a newspaper of great national circulation or from the localities of the head office and any branch of the companies under reorganization, convening all its creditors and any interested parties, for the presentation of oppositions to the judicial reorganization plan, within 30 days, as of the publication, attaching the proof of their credit, in accordance with article 164 of Law No. 1,101/2005 [sic]. c) The sending of a letter, by the companies under reorganization, to all creditors covered by the plan, informing the distribution of the request, the conditions of the plan and the term for opposition. Proof of remittance of the letters shall be made within 10 days. d) The submission, by the companies under reorganization, of all contracts in which there are cross guarantees, as well as the list of unsecured creditors of each of the companies under reorganization, for verification of the minimum quorum of 3/5 of the credits covered, for approval of the plan, regarding each of the companies under reorganization, since any challenge to substantial consolidation may be filed. To subpoena. São Paulo, September 1, 2020. Accordingly, the issuance of the hereby notice was decreed, convening the creditors to, if so desired, pursuant to Paragraph 3 of Article 164 of Law 11,101/2005 and, within 30 (thirty) calendar days as of the publication of this public notice, submit oppositions to the PLAN, attaching the proof of their claims. In order to produce its legal effects, the hereby notice shall be posted and published within 30 (thirty) calendar days as per the law. NOTHING MORE. Dated and held in this city of São Paulo, on September 3, 2020.

## CALL NOTICE FOR CREDITORS

CALL NOTICE FOR CREDITORS WITH A TERM OF 30 CALENDAR DAYS TO CHALLENGE THE OUT-OF-COURT REORGANIZATION PLAN FILED IN THE RECORDS OF THE OUT-OF-COURT REORGANIZATION OF ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., a closely held corporation, headquartered at Rua Lemos Monteiro No. 120, 14th floor, Parte "J", Butantã, CEP 05501-050, in the city of São Paulo, State of São Paulo, Brazil, enrolled in the Corporate Taxpayer Registration Number/Ministry of Finance (CNPJ/MF) under number 19,821,234/0001-28 ("OEC"); CNO S.A., new name of the company Construtora Norberto Odebrecht S.A., a closely held corporation, headquartered at Rua Lemos Monteiro Nº 120, 7º andar, Parte "E", Butantã, CEP 05501-050, in the city of São Paulo, State of São Paulo, Brazil, enrolled in the Corporate Taxpayer Registration Number/Ministry of Finance (CNPJ/MF) under number 15,102,288/0001-82 ("CNO"); and OECI S.A., new name of Odebrecht Engenharia e Construção Internacional S.A., a closely held corporation, headquartered at Rua Lemos Monteiro Nº 120, 12º andar, Parte "H", Butantã, CEP 05501-050, in the city of São Paulo, State of São Paulo, Brazil, enrolled in the Corporate Taxpayer Registration Number/Ministry of Finance (CNPJ/MF) under number 10,220,039/0001-78 ("OECI" and together with OEC and CNO, "OEC GROUP"), PROCESS No. 1075159-25.2020.8.26.0100 (OUT-OF-COURT REORGANIZATION PROCESS). The Honorable Judge of the 1st Circuit Court of Bankruptcy and Judicial Reorganization, of the Central Civil Court, State of São Paulo, Dr. JOÃO DE OLIVEIRA RODRIGUES FILHO, as established by law, INFORMS that the OEC GROUP has requested the ratification of the OUT-OF-COURT REORGANIZATION PLAN (PLAN) which establishes the restructuring of the debt represented by all unsecured financial credits of the OEC GROUP arising from the issue of series of notes without collateral, negotiated in organized over-the-counter markets (known as Bonds). The PLAN can be found on pages 36/604 of the OUT-OF-COURT REORGANIZATION PLAN proceedings and provides for the restructuring and novation of the credits covered according to the restructuring and payment conditions described in Articles 2 and 3 of the PLAN. The list of creditors covered by Out-of-court Reorganization is available on pages 605/609 of the proceedings. Pursuant to article 164 of Law 11,101/2005, the following order was issued: Permits. 1 – Filed by ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., CNPJ/MF No. 19,821,234/0001-28, CNO S.A., CNPJ/MF No. 15,102,288/0001-82 and OECI S.A., CNPJ/MF No. 10,220,039/0001-78, in which they claim the ratification of the plan presented on pages 36/604, according to article 163 of Law 11,101/2005. 2 – Creditors covered by out-of-court reorganization are only those of unsecured nature (financial creditors holding bonds described on pages 06/07) and the companies under reorganization provided documents seeking to prove the adherence of creditors holding more than 3/5 of the credits of this class, as per the procedure described on pages 19/21. 3 – I hereby approve the processing of out-of-court reorganization and order: a) the suspension of all actions based on net credits and subject to the reorganization plan. Pursuant to art. 161, § 4 of the Fiscal Responsibility Law (LRF), actions, and executions regarding obligations not contemplated in the out-of-court reorganization plan shall not be suspended. Therefore, otherwise, the provisions of art. 6, § 4 of the LRF, apply, suspending the actions and executions related to those creditors that are subject to an out-of-court reorganization, as well as to those that are not subject but voluntarily have adhered to the plan. On these grounds, I order the suspension of all actions against companies under reorganization based on net unsecured credits subject to the reorganization plan, whether or not they adhere to it. This stay period will be limited to 180 days as provided in Paragraph § 4 of art. 6 of the LRF. With regard to the counting of the terms, I hereby inform that the contents of the decision recently issued (April/2018) by the Superior Court of Justice (STJ) in REsp 1699528 will be observed, according to which all the terms established by Law No. 11,101/05 must be counted in calendar days, and the provisions relating to this matter in the 2015 Code of Civil Procedure will not apply to the corporate insolvency microsystem. Thus, all the terms of Law 11,101/2005, except for the appeals, since it is

a microsystem of its own and the insolvency legislation has a double-sided nature, will be counted in calendar days, as well as the terms for the filing of the plan and protection of the stay period. b) The publication of the notice convening the creditors, in the official body and a newspaper of great national circulation or from the localities of the head office and any branch of the companies under reorganization, convening all its creditors and any interested parties, for the presentation of oppositions to the judicial reorganization plan, within 30 days, as of the publication, attaching the proof of their credit, in accordance with article 164 of Law No. 1,101/2005 [sic]. c) The sending of a letter, by the companies under reorganization, to all creditors covered by the plan, informing the distribution of the request, the conditions of the plan and the term for opposition. Proof of remittance of the letters shall be made within 10 days. d) The submission, by the companies under reorganization, of all contracts in which there are cross guarantees, as well as the list of unsecured creditors of each of the companies under reorganization, for verification of the minimum quorum of 3/5 of the credits covered, for approval of the plan, regarding each of the companies under reorganization, since any challenge to substantial consolidation may be filed. To subpoena. São Paulo, September 1, 2020. Accordingly, the issuance of the hereby notice was decreed, convening the creditors to, if so desired, pursuant to Paragraph 3 of Article 164 of Law 11,101/2005 and, within 30 (thirty) calendar days as of the publication of this public notice, submit oppositions to the PLAN, attaching the proof of their claims. In order to produce its legal effects, the hereby notice shall be posted and published within 30 (thirty) calendar days as per the law. NOTHING MORE. Dated and held in this city of São Paulo, on September 3, 2020.



20-12741    Doc 3-4    Filed 11/24/20    Entered 11/24/20 20:23:23    Exhibit D    Pg 6 of 8

fls. 11274

Disponibilização: quarta-feira, 9 de setembro de 2020    Diário da Justiça Eletrônico - Caderno Editais e Leilões    São Paulo, Ano XIII - Edição 3123    8

Empréstimos Cbbss/As, R$118.136,75; Banco Itaú S/A, R$1.884.413,37; Banco Santander, R$226.088,47; Edson Pinto Barbosa, R$494.100,03; Eic Do Brasil Ind E Com De Alimentos S/A, R$3.898,80; Eletropaulo Eletricidade De Sp, R$19.686,84;Epocart Grafica Ind E Com De, R$938,68; Lotus Performance Lp , R$52.046,40; Multisetorial, R$49.822,40; Fini Comercializadora Ltda., R$9.746,28; Florestal Alimentos S/A Filial, R$8.366,94; G A Ind De Alim Comp Imp E E, R$9.103,20; General Mills Brasil Alimentos Filial 6, R$11.845,32; Gimba Supricorp Suprimentos, R$862,37; Globalbev Bebidas E Alimentos Filial 9, R$52.582,56; Green Life Industria E Comercio Ltda., R$5.480,80; Grupo Sifra, R$53.424,75; Harald Industria E Com.De Alim.Filial 10, R$19.554,88; Hershey Do Brasil Filial 6, R$26.062,99; Horizonte Fabrica Distrib.Importação, R$6.160,88; Hotelaria Accor Brasil, R$7.276,57; Htr Comercio Atacadista Alim. Filial 5, R$2.287,20; Hyde Alimentos Ltda., R$1.628,37; Imobiliária Osvaldo Gomes, R$38.746,91; Ind. Com. Prods. Alimens. Cepera, R$5.542,24; Ind. De Fosforos Catarinense Ltda-Sp., R$1.800,00; Industria De Prod. Alim. Cory Filial 10, R$8.370,65; Industria De Prod. Alimeticios Piraque, R$37.375,00; Industria De Torrone Nossa Senhora De Mo, R$32.431,37; Itamaraty Industria E Comercio S/A, R$2.793,41; J G M De Oliveira Distribuidor, R$10.769,03; J.Almeida Distribuidora, R$18.688,90; Jacobs Citrus Ind E Com Imp, R$1.664,30; Jasmine Comercio De Prod. Alim. Filial 7, R$6.462,44; Jessica Cristina Vieira Reis, R$200,00; Jlt Comercio De Bebidas E Alimentos, R$4.752,84; José Eduardo De Moraes Fonseca, R$62.842,00; Juina Agropecuaria E Administração, R$33.981,43; Junco Industra E Comercio Ltda., R$13.184,45; Kobber Alimentos Ltda., R$4.183,07; Korbach Vollet Alimentos Ltda., R$3.262,89; Koretech Sistemas Ltda., R$799,39; Kozzi Alimentos Ltda., R$2.166,36; Kraft Heinz Brasil Com.Dist. Import. Ltda., R$7.305,07;Leao Alimentos E Bebidas Filial 39, R$10.652,80; Lince Empreend. E Part Imob Ltda. (Claudia Midori Sasaki), R$533.996,98; Lindoiano Fontes Rad. Ltda., R$7.376,33; M Dias Branco S.A Industria, R$12.486,32; Manoel Almeida Deda, R$11.532,46; Masterfoods Brasil Alimentos Ltda., R$51.282,33; Mega Quimica Industria E Comercio, R$746,08; Melitta Do Brasil Industria E Com. Ltda., R$3.944,88; Mercari Puclic Marketing Ltda., R$9.115,38; Minalba Alimentos E Bebidas Filial 9, R$19.597,00; Mix Drinks Comercio E Distribuidora De B, R$1.902,30; Mondelez Brasil- Filial 36, R$31.635,88; Mooca Comercial Imp. E Exportadora Ltda., R$11.697,96; Mse Importação E Exportação Ltda., R$7.118,59; Mundial Chips Produtos Alimenticíos, R$5.544,00; Naturafruti Industria E Comercio, R$3.006,09; Neolat Comercio De Laticinios Ltda., R$6.957,14; Nestle Brasil Ltda Filial 100, R$122.082,90; Neugebauer S/A, R$42.300,00; New Styllus Assessoria Jurídica, R$14.550,00; Nextel Telecomunicações, R$1.057,94; Notre Dame Interemédica Saúde S/A, R$48.090,17; Nova Preciosa Ind De Prod Al, R$9.301,31; Nutrisul S.A. Produtos Alimenticios, R$9.534,89; Nutrivita Ind. De Alimentos Imp.E Exp. Ltda., R$1.183,98; Olvebra Industria S/A, R$1.875,49; Pan Christian Ind E Com De Prod Alim., R$6.610,21;Pan Produtos Alimenticios Nacionais, R$12.572,14; Peccin S.A., R$37.065,87; Pepsico Do Brasil- Filial 54, R$78.822,39; Perfetti Van Melle Brasil Ltda., R$14.822,28; Perola Comercio De Prods Alim S/A, R$3.673,86; Plastifer Industria Comercio D., R$893,93; Platano Brasil Dist.E Exp. Ltda., R$7.068,64; Polenghi Inds. Alimenticias Ltda., R$16.659,46; Pompeia S/A Industria E Comercio, R$9.092,64; Portal Das Festas Ltda., R$1.024,50; Portuense Ind. E Com. De Prod Alim., R$1.615,61; Prafesta Industria E Comercio, R$17.917,44; Pratikos Alimentos Ltda., R$1.423,37; Primicias Do Ipiranga Com Doces Ltda., R$332.599,39; Quantum Internacional Vendas E Promoções, R$9.262,22; Refrigeração Marechal, R$539,35; Regina Industria E Comercio S/A        R$6.521,97; Retifica Vila Anastacio Ltda., R$1.572,01; Ricardo Berezin, R$5.000,00; Riclan S/A, R$6.385,62; Robleto & Robleto Ltda, R$9.796,20; Rodrigues Wcl Comercio De Alimentos, R$423.614,06; Romanato Alimentos Ltda., R$8.241,24; Rovere Administração De Imoveis, R$151.018,00; Sabesp, R$3.227,54; Sales Equip E Prod Hig Prof, R$11.659,16; Satsumaya Industria E Comercio De Doces, R$3.229,02; Seara Alimentos - Filial 191, R$4.408,80; Sellmar Distribuidora De Alimentos Ltda., R$639,50; Sempre Lider Com.Atacadista De Produtos, R$3.562,68; Serasa S.A, R$7.074,18; Simas Industrial De Alimentos, R$5.994,49; Socorro Industria De Bebidas, R$1.308,87; Solange Cristina Abduch, R$7.038,34; Spal Ind. Bras. Bebidas S/A, R$45.338,72; Studio R Produções, R$500,00; Super Saude Nutricional Ltda., R$1.889,78; Telefonica S.A, R$5.537,34; Top Cau Industria E Com. De Chocolate, R$13.564,15; Unilever Brasil Ltda., R$13.161,16; United Mills Alimentos Ltda., R$21.374,00; Valecred Securitizadora, R$328.589,65; Vidali Comercio De Produtos Alimenticios, R$1.217,44; Vigor Alimentos Filial 30, R$12.653,03; Vision Line Telecon Comercio, R$4.011,00; Wbx Industria E Comercio De Alimentos; R$24.795,63; Weel Bsd Fomento Mercantil, R$133.431,12; Wyda Industria De Embalagens, R$1.957,87; Wilton Industria E Comercio Ltda., R$409,86; Wine Share Dist Bebidas E Produtos, R$13.191,36; Wow Industria E Comercio Filial 2, R$145.310,75; Zd Alimentos S.A, R$5.563,14. CLASSE IV: Sonia De Paula Nascimento,, R$300,00; R.M. Fernandes Chantelli Embalagens Me, R$2.264,04; Fiag - Apoio E Servicos Administrativos, R$4.739,12; Diso Com De Produtos Alimenticios, R$2.782,01; Diamond Energy Com. De Beb. E D., R$1.387,95; Brunelli Doces, R$1.217,00; Alpha Candies Distribuidora Eireli, R$11.155,54; Ana Quadrado De Almeida Epp, R$1.350,00; Anderson P. De Souza  Me, R$2.082,08; Andreia Medina De Oliveira Me, R$2.080,00; Arte E Cor Pirulitos Ltda Me, R$3.021,00; Bertolucci & Cia Ltda  Me, R$5.828,15; Brall Comercio De Alimentos Eireli, R$101.634,10; Crokan Didienne Epp, R$1.890,00; Forte Mix Distribuidora Ltda  Me, R$1.883,00; Imperial Com Imp E Exp Beb Eireli, R$1.083,05; Israel Oliveira Silva, R$1.350,00; Marco A Cesarino Eireli, R$935,00; Maria Mathilde Lender, R$29.410,29; Mmt Comercio De Embalagens Eireli, R$642,06; Nilson Correia De Melo-Me, R$1.320,00; Nutricandy Alimentos Alimentos Ltda Epp, R$1.875,00; R.J Automacao Comercial Eireli - Epp., R$47.536,05; Reinaldo Cassio Paguiato Me, R$2.016,60; Sofia Carreiro Cury Eireli, R$6.748,98; Sorvetes Frutiquello Ltda Epp, R$1.179,13; Tik Tak Soluções Automotivas Ltda  Me, R$2.950,00; Trema Brasil Eireli, R$266,36; Wj Distribuidora Ltda  Me, R$39.382,23.

Nos termos do § 1º do art. 52 da Lei 11.101/2005, as habilitações ou divergências deverão ser apresentadas, no prazo de 15 (quinze) dias, EXCLUSIVAMENTE ao Administrador Judicial, por meio dos endereços eletrônicos kuchos1vfrj@gmail.com e contato@cabezon.adv.br. Para que produza seus regulares efeitos de direito é expedido o presente edital, por extrato, afixado e publicado na forma da lei. NADA MAIS. Dado e passado nesta cidade de São Paulo, 24 de julho de 2020.

EDITAL DE CONVOCAÇÃO DE CREDORES COM PRAZO DE 30 DIAS CORRIDOS PARA IMPUGNAÇÃO AO PLANO DE RECUPERAÇÃO EXTRAJUDICIAL EXPEDIDO NOS AUTOS DA RECUPERAÇÃO EXTRAJUDICIAL DE ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., sociedade anônima de capital fechado, com sede na Rua Lemos Monteiro nº. 120, 14º andar, Parte 'J', Butantã, CEP 05501-050, na cidade de São Paulo, Estado de São Paulo, Brasil, inscrita no CNPJ/ME sob o nº. 19.821.234/0001-28 (OEC); CNO S.A., nova denominação da empresa Construtora Norberto Odebrecht S.A., sociedade anônima de capital fechado, com sede na Rua Lemos Monteiro nº. 120, 7º andar, Parte 'E', Butantã, CEP 05501-050, na cidade de São Paulo, Estado de São Paulo, Brasil, inscrita no CNPJ/ME sob o nº. 15.102.288/0001-82 (CNO); e OECI S.A., nova denominação da Odebrecht Engenharia e Construção Internacional S.A., sociedade anônima de capital fechado, com sede na Rua Lemos Monteiro nº. 120, 12º andar, Parte 'H', Butantã, CEP 05501-050, na cidade de São Paulo, Estado de São Paulo, Brasil, inscrita no CNPJ/ME sob o nº. 10.220.039/0001-78 (OECI e em conjunto com OEC e CNO, GRUPO OEC), PROCESSO Nº 1075159-25.2020.8.26.0100 (PROCESSO DE RECUPERAÇÃO EXTRAJUDICIAL). O MM. Juiz de Direito da 1ª Vara de Falências e Recuperações Judiciais, do Foro Central Cível, Estado de São Paulo, Dr. JOÃO DE OLIVEIRA RODRIGUES FILHO, na forma da Lei, FAZ SABER, que por parte do GRUPO OEC foi requerida a homologação de PLANO DE RECUPERAÇÃO EXTRAJUDICIAL

20-12741    Doc 3-4    Filed 11/24/20    Entered 11/24/20 20:23:23    Exhibit D    Pg 7 of 8

Disponibilização: quarta-feira, 9 de setembro de 2020 — Diário da Justiça Eletrônico - Caderno Editais e Leilões — São Paulo, Ano XIII - Edição 3123 — fls. 11275

(PLANO) que prevê a reestruturação da dívida representada por todos os créditos quirografários financeiros do GRUPO OEC decorrentes da emissão de séries de notas sem garantia real, negociadas em mercados de balcão organizados (conhecidas como Bonds). O PLANO encontra-se às fls. 36/604 dos autos do PROCESSO DE RECUPERAÇÃO EXTRAJUDICIAL e prevê a reestruturação e novação dos créditos abrangidos conforme as condições de reestruturação e pagamento descritas nas Cláusulas 2 e 3 do PLANO. A lista de credores abrangidos pela Recuperação Extrajudicial encontra-se disponível às fls. 605/609 dos autos. Nos termos do artigo 164 da Lei 11.101/2005 foi proferido o seguinte despacho: Vistos.1- apresentada por ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., CNPJ/MF nº 19.821.234/0001-28, CNOS.A., CNPJ/MF nº 15.102.288/0001-82 e OECI S.A., CNPJ/MF nº10.220.039/0001-78, nas quais postulam homologação de plano apresentado às fls. 36/604, nos termos do art. 163 da Lei11.101/2005. 2 - Os credores abrangidos por recuperação extrajudicial são apenas os de natureza quirografária (credores financeiros detentores de bonds descritos às fls. 06/07) e as recuperandas apresentaram documentos buscando demonstrar a adesão de credores detentores de mais de 3/5 dos créditos desta classe, conforme procedimento descrito às fls. 19/21. 3 - Pelo exposto, defiro o processamento da recuperação extrajudicial e determino: a) a suspensão de todas as ações com base em créditos líquidos e sujeitos ao plano de recuperação. Nos termos do art. 161, § 4º da LRF, não se suspendem as ações e execuções referentes às obrigações não contempladas no plano de recuperação extrajudicial. Assim, contrário sensu, aplica-se o disposto no art. 6º, §4º da LRF, suspendendo-se as ações e execuções referentes àqueles credores que se sujeitam à recuperação extrajudicial, bem como àqueles que não se sujeitam, mas que voluntariamente aderiram ao plano. Por tais fundamentos, determino a suspensão de todas as ações contra as recuperandas com base em créditos quirografários líquidos sujeitos ao plano de recuperação, aderentes ou não ao mesmo. Esse período de suspensão (stay period) será limitado ao prazo de 180 dias, nos termos do §4º do art. 6º da LRF. Em relação à forma de contagem dos prazos, informo que será observado o teor da decisão proferida recentemente (abril/2018) pelo STJ no REsp 1699528, segundo o qual todos os prazos estabelecidos pela Lei nº. 11.101/05 devem ser contados em dias corridos, não se aplicando ao microssistema da insolvência empresarial as disposições relativas a esse tema no Código de Processo Civil de 2015. Nesse sentido, todos prazos da Lei 11.101/2005, salvo os recursais, por se tratar de microssistema próprio e da legislação de insolvência possuir natureza bifronte, serão contados em dias corridos, assim como os prazos de apresentação do plano e de proteção do stay period. b) a publicação do edital de convocação dos credores, no órgão oficial e em jornal de grande circulação nacional ou das localidades da sede e de eventuais filiais das recuperandas, convocando todos os seus credores e eventuais interessados, para apresentação de impugnações ao plano de recuperação judicial, no prazo de 30 dias, contados da publicação, juntando a prova do seu crédito, de acordo com o art. 164 da Lei nº 1.101/2005; c) o envio de carta, pelas recuperandas, a todos os credores abrangidos pelo plano, informando a distribuição do pedido, as condições do plano e o prazo para impugnação. A prova da remessa das cartas deverá ser feita em 10 dias. d) a apresentação, pelas recuperandas, de todos os contratos em que há garantias cruzadas, bem como da relação de credores quirografários de cada uma das recuperandas, para verificação do quórum mínimo de 3/5 dos créditos abrangidos, para aprovação do plano, em relação a cada recuperanda, pois eventual impugnação à consolidação substancial poderá ser apresentada. Intime-se. São Paulo, 01 de setembro de 2020. Nestas condições, foi determinada a expedição do presente edital convocando os credores para, e em assim o desejando, nos termos do parágrafo 3° do artigo 164 da Lei 11.101/2005 e, no prazo de 30 (trinta) dias corridos contados da publicação deste edital, apresentar impugnações ao PLANO, juntando a prova de seus créditos. Para que produza seus efeitos de direito, será o presente edital com prazo de 30 (trinta) dias corridos afixado e publicado na forma da lei. NADA MAIS. Dado e passado nesta cidade de São Paulo, aos 03 de setembro de 2020.

Edital expedido nos autos da Recuperação Judicial de MV PARTICIPAÇÕES S/A, MÁQUINA DE VENDAS BRASIL PARTICIPAÇÕES S/A, RN COMÉRCIO VAREJISTA S/A, MVN INVESTIMENTOS IMOBILIÁRIOS E PARTICIPAÇÕES S/A, ES PROMOTORA DE VENDAS LTDA, DISMOBRÁS IMPORTAÇÃO, EXPORTAÇÃO E DISTRIBUIÇÃO DE MÓVEIS E ELETRODOMÉSTICOS S/A, CARLOS SARAIVA IMPORTAÇÃO E COMÉRCIO LTDA, WG ELETRO S/A, NORDESTE PARTICIPAÇÕES S/A e LOJAS SALFER S/A, com prazo de 15 dias, Proc. nº 107086005.2020.8.26.0100 (artigo 52 § 1º da Lei 11.101/2005). O Dr. Tiago Henriques Papaterra Limongi, Juiz de Direito da 1ª Vara de Falências e Recuperações Judiciais do Foro Central Cível de São Paulo, na forma da Lei, faz saber que foram requeridos os benefícios da Recuperação Judicial, tendo por objetivo viabilizar a superação da situação de crise econômico-financeiro da devedora, a fim de permitir a manutenção da fonte produtora, do emprego dos trabalhadores e dos interesses dos credores, promovendo assim, a preservação da empresa, sua função social e o estímulo à atividade econômica (Art. 47 da Lei 11.101/2005). Nos termos do art. 52 da Lei 11.101/2005, foi proferido o despacho que segue: Vistos. Cuidase de pedido de recuperação judicial ajuizado por MV PARTICIPAÇÕES S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 28.029.249/000149; MÁQUINA DE VENDAS BRASIL PARTICIPAÇÕES S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 18.634.167/000170; RN COMÉRCIO VAREJISTA S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 13.481.309/000192; MVN INVESTIMENTOS IMOBILIÁRIOS E PARTICIPAÇÕES S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 14.329.956/000146; ES PROMOTORA DE VENDAS LTDA., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 07.557.479/000100; DISMOBRÁS IMPORTAÇÃO, EXPORTAÇÃO E DISTRIBUIÇÃO DE MÓVEIS E ELETRODOMÉSTICOS S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 01.008.073/000192; CARLOS SARAIVA IMPORTAÇÃO E COMÉRCIO LTDA., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 25.760.877/000101; WG ELETRO S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 01.120.364/000178; NORDESTE PARTICIPAÇÕES S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 10.331.096/000124; e LOJAS SALFER S.A., pessoa jurídica de direito privado, inscrita no CNPJ/MF sob nº 84.683.432/000134, denominadas em conjunto "Grupo Máquina de Vendas". Preliminarmente, as requerentes apontam a competência deste juízo em razão da prevenção gerada pela distribuição em 25.08.2018, junto a esta vara, de pedido de homologação de plano de recuperação extrajudicial (processo n. 108855625.2018.8.26.0100), cuja sentença de homologação foi proferida em 10.01.2019. Em seguida, aduzem, como razões para sua crise econômicofinanceira, as dificuldades causadas pela queda de faturamento provocada pela situação econômica do país entre os anos de 2014 e 2016, que culminaram, ante a ausência de liquidez das empresas, na propositura do pedido de recuperação extrajudicial supramencionado, tendo o plano o objetivo de fomento de seus credores e parceiros comerciais por meio da concessão de linhas de crédito que permitissem a geração de fluxo de caixa e a reestruturação de suas atividades. Contudo, alegam as requerentes que os credores, por receio em relação ao futuro das empresas, negaramse a disponibilizar novas linhas de crédito, o que manteve suas operações em severas dificuldades. Paralelamente, afirmam que o fechamento de lojas físicas decorrente de ações de despejo ajuizadas em face do grupo, tendo como consequências as rescisões de contratos de trabalho e o aumento de seus custos operacionais, foram minando sua capacidade de soerguimento. Todos esses fatos, frisam, foram agravados pela atual pandemia de COVID19, da qual decorreu a interrupção temporária da atividade de muitos de seus fornecedores e das próprias lojas das requerentes, agravando sua crise de liquidez. Por fim, alegam que a concessão do favor legal, aliada às ações já tomadas pela administração do grupo, permitirlhesia soerguer sua atividade produtiva, superando a crise econômicofinanceira atual. É o relatório. Decido.

**Energia** Financiamento permite volta das obras de Alto Sertão III, que gerará caixa para quitar dívidas

# Renova retoma projeto e avança na recuperação judicial



Milliet: "Em seis meses, parte do complexo eólico deverá estar operacional"

**Letícia Fucuchima**
De São Paulo

A Renova Energia conseguiu avançar com um ponto crucial do seu plano de recuperação judicial: a retomada das obras do complexo eólico Alto Sertão III, ativo que gerará caixa para que a companhia possa quitar a dívida junto a credores.

Na sexta-feira, o conselho de administração da Renova aceitou a oferta da Quadra Gestão de Recursos para um financiamento de R$ 350 milhões, na modalidade DIP (debtor-in-possession). Esse tipo de empréstimo permite que a empresa mantenha o controle do projeto, e, em contrapartida, os financiadores ganham prioridade na frente da fila de credores.

Ao **Valor**, o diretor-presidente da Renova Energia, Marcelo Milliet, explicou que o DIP funcionará como um "bridge loan" (empréstimo-ponte, de curto prazo), até que a companhia consiga iniciar o pagamento das dívidas com a geração de caixa de Alto Sertão III. Também permite que a empresa negocie com mais calma a venda da participação na Brasil PCH, outro pilar do plano de recuperação judicial.

"[Esse financiamento] destrava a retomada, coloca a empresa em outro rumo", diz o executivo, que é diretor da Íntegra, consultoria que presta assessoria financeira e estratégica à Renova. Milliet está como presidente interino da geradora de energia e ficará no cargo até que a recuperação judicial seja encerrada.

A Renova Energia entrou em recuperação judicial em outubro do ano passado, com dívidas de R$ 3 bilhões, sendo R$ 1,6 bilhão com terceiros. Desde que assumiu a empresa, em novembro, a gestão interina saiu em busca de DIPs e vinha sendo procurada por fundos interessados em aportar recursos. A companhia chegou a ter oito fundos e bancos propondo esse tipo de financiamento.

A demora para fechar a operação se deu mais pelo ajuste da estrutura de garantias do que por uma diferença de custos entre as propostas, diz Milliet. "Praticamente todos os ativos do grupo já estão dados em garantia. Tivemos que convencer credores a abrir mão temporariamente de suas garantias para poder colocar o DIP no meio do caminho".

A operação junto à Quadra tem prazo para pagamento de nove anos, com um ano de carência, e taxa de 15% ao ano (pré-fixada).

Com o financiamento, a expectativa é que parte de Alto Sertão III esteja operacional num prazo de 6 a 9 meses. Localizado em Caetité (BA), o projeto tem capacidade de 432 megawatts (MW) e está 85% concluído — as obras estão paralisadas há três anos, por falta de recursos. "Para terminar o projeto todo, devemos levar 18, 19 meses. Mas em seis meses, 25% do parque já deverá gerar recursos", explica o presidente. Quando estiver em plena capacidade, o complexo deve gerar R$ 250 milhões de Ebitda por ano.

Fundada em 2001, a Renova Energia foi uma das pioneiras em geração de energia renovável no Brasil. A recuperação judicial é mais um capítulo de uma crise que se instalou na empresa nos últimos anos, e que tinha como luz no fim do túnel a negociação de venda de Alto Sertão III junto à AES Tietê. As negociações fracassaram num momento crucial, o que levou ao pedido de recuperação judicial. Atualmente, o bloco de controle da companhia é formado pela Cemig e pelo fundo CG I, dos sócios fundadores — a Light vendeu sua participação para o CG I no ano passado, quando a crise na Renova se agravou.

A pedido dos credores de Alto Sertão III, principalmente BNDES, a companhia desmembrou o plano de recuperação judicial. Agora, existe um plano específico para Alto Sertão III e outro para os demais ativos do grupo Renova. "Mas os planos se comunicam, o fluxo de recursos de Alto Sertão III serve para ambos."

Segundo Milliet, a companhia tem tido apoio dos bancos nos pilares do plano de recuperação judicial, que está baseado na venda de ativos, alongamento dos vencimentos de empréstimos e possibilidade de conversão de dívida em ações da companhia. "Os principais conceitos já estão alinhados. Nossa expectativa é realizar a assembleia geral de credores no mês de outubro".

A empresa propõe a quitação da dívida em 12 anos, com um período de carência de dois anos. Outro pilar é a venda de ativos, como a fatia de 51% na Brasil PCH, avaliada em R$ 1 bilhão. Também está na lista para alienação a "fase B" de Alto Sertão III, empreendimento distinto do que receberá recursos agora e que só tem obras civis iniciadas. No caso do projeto eólico, a companhia já tem com uma proposta vinculante da Prisma Capital.

Embora já estejam em negociação, as vendas só devem acontecer após a aprovação do plano de recuperação judicial. A expectativa é que as operações sejam fechadas em um prazo de nove meses.

"Provavelmente vamos sair do negócio de PCHs. A estratégia está migrando para energia eólica e solar", afirma o presidente. A fonte solar tem pouca participação no portfólio atual da Renova, mas a empresa pretende tornar híbridos seus parques eólicos.

## CVM remarca casos de Petrobras

**Governança**

**Juliana Schincariol**
Do Rio

A Comissão de Valores Mobiliários (CVM) marcou para 3 e 4 de novembro a retomada de cinco julgamentos envolvendo ex-diretores e conselheiros da Petrobras. Os casos começaram a ser analisados no fim de agosto, mas nenhum deles foi concluído. Na ocasião, os diretores Gustavo Gonzalez e Flávia Perlingeiro pediram vista dos processos.

Os casos investigaram a conduta dos administradores e conselheiros da Petrobras na construção da refinaria Abreu e Lima e no Complexo Petroquímico do Rio de Janeiro (Comperj), nos governos Lula e Dilma. Além disso, são analisadas a realização, ou não, de testes de recuperabilidade dos ativos, que poderiam levar a baixas contábeis ("impairment") e a atuação dos auditores na elaboração das demonstrações financeiras de 2010 a 2014.

Entre os acusados estão a ex-presidente Dilma Rousseff, os ex-ministros Guido Mantega e Antonio Palocci, que participaram do conselho da estatal. Toda a diretoria da Petrobras à época, incluindo os ex-presidentes José Sérgio Gabrielli e Maria das Graças Foster também estão no rol de acusados.

O relator dos cinco processos sancionadores foi o diretor Henrique Machado. Em seus votos, ele acatou parte dos argumentos da área técnica, impondo o pagamento de multas a parte dos acusados e absolvendo outros.

---

## EDITAL DE CONVOCAÇÃO DE CREDORES

EDITAL DE CONVOCAÇÃO DE CREDORES COM PRAZO DE 30 DIAS CORRIDOS PARA IMPUGNAÇÃO AO PLANO DE RECUPERAÇÃO EXTRAJUDICIAL EXPEDIDO NOS AUTOS DA RECUPERAÇÃO EXTRAJUDICIAL DE ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., sociedade anônima de capital fechado, com sede na Rua Lemos Monteiro nº 120, 14º andar, Parte 'J', Butantã, CEP 05501-050, na cidade de São Paulo, Estado de São Paulo, Brasil, inscrita no CNPJ/ME sob o nº. 19.821.234/0001-28 (OEC); CNO S.A., nova denominação da empresa Construtora Norberto Odebrecht S.A., sociedade anônima de capital fechado, com sede na Rua Lemos Monteiro nº 120, 7º andar, Parte 'E', Butantã, CEP 05501-050, na cidade de São Paulo, Estado de São Paulo, Brasil, inscrita no CNPJ/ME sob o nº. 15.102.288/0001-82 (CNO); e OECI S.A., nova denominação da empresa Odebrecht Engenharia e Construção Internacional S.A., sociedade anônima de capital fechado, com sede na Rua Lemos Monteiro nº 120, 12º andar, Parte 'H', Butantã, CEP 05501-050, na cidade de São Paulo, Estado de São Paulo, Brasil, inscrita no CNPJ/ME sob o nº. 10.220.039/0001-78 (OECI e em conjunto com OEC e CNO, GRUPO OEC), PROCESSO Nº 1075159-25.2020.8.26.0100 (PROCESSO DE RECUPERAÇÃO EXTRAJUDICIAL). O MM. Juiz de Direito da 1ª Vara de Falências e Recuperações Judiciais, do Foro Central Cível, Estado de São Paulo, Dr. JOÃO DE OLIVEIRA RODRIGUES FILHO, na forma da Lei, FAZ SABER, que por parte do GRUPO OEC foi requerida a homologação de PLANO DE RECUPERAÇÃO EXTRAJUDICIAL (PLANO) que prevê a reestruturação da dívida representada por todos os créditos quirografários financeiros do GRUPO OEC decorrentes da emissão de séries de notas sem garantia real, negociadas em mercados de balcão organizados (conhecidas como Bonds). O PLANO encontra-se às fls. 36/604 dos autos do PROCESSO DE RECUPERAÇÃO EXTRAJUDICIAL e prevê a reestruturação e novação dos créditos abrangidos conforme as condições de reestruturação e pagamento descritas nas Cláusulas 2 e 3 do PLANO. A lista de credores abrangidos pela Recuperação Extrajudicial encontra-se disponível às fls. 605/609 dos autos. Nos termos do artigo 164 da Lei 11.101/2005 foi proferido o seguinte despacho: Vistos.1- apresentada por ODEBRECHT ENGENHARIA E CONSTRUÇÃO S.A., CNPJ/MF nº 19.821.234/0001-28, CNOS.A., CNPJ/MF nº 15.102.288/0001-82 e OECI S.A., CNPJ/MF nº10.220.039/0001-78, nas quais postulam homologação de plano apresentado às fls. 36/604, nos termos do art. 163 da Lei11.101/2005. 2 - Os credores abrangidos por recuperação extrajudicial são apenas os de natureza quirografária (credores financeiros detentores de bonds descritos às fls. 06/07) e as recuperandas apresentaram documentos buscando demonstrar a adesão de credores detentores de mais de 3/5 dos créditos desta classe, conforme procedimento descrito às fls. 19/21. 3 - Pelo exposto, defiro o processamento da recuperação extrajudicial e determino: a) a suspensão de todas as ações com base em créditos líquidos e sujeitos ao plano de recuperação. Nos termos do art. 161, § 4º da LRF, não se suspendem as ações e execuções referentes às obrigações não contempladas no plano de recuperação extrajudicial. Assim, contrário sensu, aplica-se o disposto no art. 6º, §4º da LRF, suspendendo-se as ações e execuções referentes àqueles credores que se sujeitam à recuperação extrajudicial, bem como àqueles que não se sujeitam, mas que voluntariamente aderiram ao plano. Por tais fundamentos, determino a suspensão de todas as ações contra as recuperandas com base em créditos quirografários líquidos sujeitos ao plano de recuperação, aderentes ou não ao mesmo. Esse período de suspensão (stay period) será limitado ao prazo de 180 dias, nos termos do §4º do art. 6º da LRF. Em relação à forma de contagem dos prazos, informo que será observado o teor da decisão proferida recentemente (abril/2018) pelo STJ no REsp 1699528, segundo o qual todos os prazos estabelecidos pela Lei nº. 11.101/05 devem ser contados em dias corridos, não se aplicando ao microssistema da insolvência empresarial as disposições relativas a esse tema no Código de Processo Civil de 2015. Nesse sentido, todos prazos da Lei 11.101/2005, salvo os recursais, por se tratar de microssistema próprio e da legislação de insolvência possuir natureza bifronte, serão contados em dias corridos, assim como os prazos de apresentação do plano e de proteção do stay period. b) a publicação do edital de convocação dos credores, no órgão oficial e em jornal de grande circulação nacional ou das localidades da sede e de eventuais filiais das recuperandas, convocando todos os seus credores e eventuais interessados, para apresentação de impugnações ao plano de recuperação judicial, no prazo de 30 dias, contados da publicação, juntando a prova do seu crédito, de acordo com o art. 164 da Lei nº 1.101/2005; c) o envio de carta, pelas recuperandas, a todos os credores abrangidos pelo plano, informando a distribuição do pedido, as condições do plano e o prazo para impugnação. A prova da remessa das cartas deverá ser feita em 10 dias. d) a apresentação, pelas recuperandas, de todos os contratos em que há garantias cruzadas, bem como da relação de credores quirografários de cada uma das recuperandas, para verificação do quórum mínimo de 3/5 dos créditos abrangidos, para aprovação do plano, em relação a cada recuperanda, pois eventual impugnação à consolidação substancial poderá ser apresentada. Intime-se. São Paulo, 01 de setembro de 2020. Nestas condições, foi determinada a expedição do presente edital convocando os credores para, em assim o desejando, nos termos do parágrafo 3º do artigo 164 da Lei 11.101/2005 e, no prazo de 30 (trinta) dias corridos contados da publicação deste edital, apresentar impugnações ao PLANO, juntando a prova de seus créditos. Para que produza seus efeitos de direito, será o presente edital com prazo de 30 (trinta) dias corridos afixado e publicado na forma da lei. NADA MAIS. Dado e passado nesta cidade de São Paulo, aos 03 de setembro de 2020.

