Richard J. Cooper, Esq.
Luke A. Barefoot, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representative*
*of Odebrecht Engenharia e Construção S.A.*
*and its affiliated debtors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| Odebrecht Engenharia e Construção S.A., *et al.*,[1] | Case No. 20-12741 |
| Debtors in a Foreign Proceeding | (Joint Administration Pending) |

**LISTS AND STATEMENTS FILED PURSUANT TO BANKRUPTCY RULE 1007(A)(4)**

I, Adriana Henry Meirelles, the foreign representative ("Petitioner" or the "Foreign Representative") in the extrajudicial reorganization (*recuperação extrajudicial* or "EJ") proceeding (the "Brazilian EJ Proceeding") of Odebrecht Engenharia e Construção S.A. ("OEC") and its affiliated debtors in these Chapter 15 Cases (collectively, the "Debtors") in the First São Paulo Bankruptcy and Reorganization Court of the Fórum Central Cível of the Appellate Court of the State of São Paulo (the "Brazilian Court") pursuant to Federal Law 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil"),

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht Engenharia e Construção S.A. (Brazil – 01-28); CNO S.A. (Brazil – 01-82); OECI S.A. (Brazil – 01-78).

hereby file the following statements and lists in accordance with Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure of the United States, which provides:

> In addition to the documents required under §1515 of the Code, a foreign representative filing a petition for recognition under chapter 15 shall file with the petition: (A) a corporate ownership statement containing the information described in Rule 7007.1; and (B) unless the court orders otherwise, a list containing the names and addresses of all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor is a party at the time of the filing of the petition, and all entities against whom provisional relief is being sought under §1519 of the Code.

Fed. R. Bankr. P. 1007(a)(4).

## Corporate Ownership Statement

1.  Approximately 100% of OEC's equity is owned by Odebrecht S.A. – Em Recuperação Judicial ("ODB"), with ODBINV S.A. – Em Recuperação Judicial ("ODBINV") holding one share of OEC. ODB's shares are held almost entirely by ODBINV, with one ODB share held by Kieppe Participacões e Administração Ltda. – Em Recuperação Judicial ("KIEPPE").

2.  ODBINV is owned by the following entities in the percentages reflected:

    - KIEPPE (79.68%)
    - the remaining shares are held by minority shareholders.

KIEPPE is 100% controlled by Kieppe Patrimonial S.A., whose stock is divided among the following entities in the percentages reflected:

- Riocon Patrimonial (21.71%);
- NO. Jr. Patrimonial (21.87%);
- IPQ Patrimonial (21.87%);
- EAO Patrimonial (18.91%); and

2

- CAPE Patrimonial (15.64%)

3. 97.009% of the equity in CNO S.A. ("CNO") is owned by OEC S.A.

4. Approximately 100% of the equity in OECI S.A. ("OECI") is owned by OEC S.A with one OECI share held by ODB. 100% of OEC S.A.'s equity is held by Odebrecht Holdco Finance Limited and 100% of the equity in Odebrecht Holdco Finance Limited is held by OEC.

## Foreign Representative

5. Adriana Henry Meirelles, existing Investor Relations Officer at OEC, serves as the authorized foreign representative of each of the Debtors. Adriana Henry Meirelles was appointed Foreign Representative as per the minutes of the meetings of the officers of each of the Debtors. The OEC Petitioner's address is Rua Lemos Monteiro 120, 14th Floor, São Paulo, State of São Paulo 05.501-050, Brazil.

## Litigation Parties in the United States

6. OEC and CNO (the "OEC Defendants") are currently party to two litigations in the United States. In the first litigation, the Plaintiff asserts claims arising from alleged untrue statements in the offering memoranda relating to several Notes of which Plaintiff claims to be a holder. The pending case is:

- <u>Washington State Investment Board v. Odebrecht S.A.</u>, (Case No. 17-08118) pending in the United States District Court for the Southern District of New York (the "District Court"). Commenced on October 20, 2017, the Plaintiff seeks damages, reimbursement of reasonable costs and expenses incurred in the action, and further relief as determined by the court. On July 9, 2020, WSIB filed a second amended complaint (the "SAC"). Before the SAC was filed, the Court had already dismissed in part and sustained in part WSIB's prior complaint by

decision dated May 20, 2020. In response to the WSIB SAC, Defendants filed a partial motion to dismiss the SAC on September 14, 2020, again seeking dismissal of claims previously dismissed in the WSIB Court's May 20, 2020 decision, which WSIB sought to reinstate in the SAC. The Plaintiffs filed their opposition to the motion on October 12, 2020 and the Defendants' filed their reply on November 9, 2020. The motion remains pending before the Court and discovery in that matter is currently stayed.

OEC and CNO are also party to the following litigation in which the Plaintiffs also assert claims arising from alleged untrue statements in the offering memoranda relating to several Notes of which each Plaintiff claims to be a holder. The pending case is:

- DoubleLine Capital LLP et al. v. Odebrecht Finance Ltd. et al., (Case No. 17-04576) pending in the United States District Court for the Southern District of New York. Commenced on September 1, 2017, Plaintiffs seek damages to be determined at trial. The Plaintiffs filed a complaint which was subsequently amended twice. After the court dismissed certain claims without prejudice, the Plaintiffs filed a third amended complaint. The Defendants have filed a motion to dismiss. On September 22, 2019, the Court issued a decision granting in part and denying in part the DoubleLine Motion to Dismiss. On October 28, 2019, the Court issued a scheduling order establishing a discovery schedule for the DoubleLine Action. Pursuant to that order, fact discovery is expected to close on May 1, 2021.

5

**Entities Against Whom Provisional Relief is Sought Under 11 U.S.C. § 1519**

7. The Petitioner is not currently seeking provisional relief, but reserves the right to do so should circumstances require.

[*Remainder of Page Intentionally Left Blank; Signature Page to Follow*]

I, Adriana Henry Meirelles, hereby declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, that the information set forth above is, to the best of my knowledge, information and belief, complete and correct.

Executed at São Paulo, Brazil
on November 24, 2020

/s/ Adriana Henry Meirelles
Adriana Henry Meirelles, Investor Relations Officer and Authorized Foreign Representative of the Debtors