Richard J. Cooper, Esq.
Luke A. Barefoot, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representative
of Odebrecht Engenharia e Construção S.A.
and affiliated debtors*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Odebrecht Engenharia e Construção S.A., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 20-12741<br><br>(Joint Administration Pending) |

### APPLICATION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002 AND 9007 FOR ORDER SCHEDULING HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE, AND GRANTING RELATED RELIEF

Adriana Henry Meirelles, the foreign representative ("Petitioner" or the "Foreign Representative") in the extrajudicial reorganization (*recuperação extrajudicial* or "EJ") proceeding (the "Brazilian EJ Proceeding") of Odebrecht Engenharia e Construção S.A. ("OEC") and its affiliated debtors in these Chapter 15 Cases (collectively, the "Debtors") in the First Court of Bankruptcy and Judicial Recovery of the State of São Paulo (the "Brazilian Court") pursuant to Federal Law 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the

---

[1] The Debtors in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht Engenharia e Construção S.A. (Brazil – 01-28); CNO S.A. (Brazil – 01-82); OECI S.A. (Brazil – 01-78).

Federative Republic of Brazil ("Brazil"), by and through her undersigned counsel, respectfully submits this application (the "Application") for the entry of an order (a) scheduling a hearing on the relief sought in the *Verified Petition for Recognition of the Brazilian EJ Proceeding and Motion for Order Granting Final Relief Pursuant to 11 U.S.C. §§ 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521* (the "Verified Petition" and together with the *Official Form Petitions* filed by the Petitioner contemporaneously herewith, the "Petition"); (b) specifying the form and manner of service thereof; and (c) approving the manner of service of any further pleadings that the Petitioner files in these Chapter 15 Cases. In support of the Application, the Petitioner respectfully represents as follows:

## BACKGROUND

1. The relevant factual background with respect to the relief sought in this Motion is set forth in the Verified Petition. The Court may find therein a description of the Brazilian EJ Proceeding of the Debtors, and the Debtors' activities, business, corporate and capital structures, and the circumstances leading to the commencement of the Brazilian EJ Proceeding.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 57 and 1334, and the Amended Standing Order of Reference, dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 1, 2012) (Preska, C.J.) (the "Amended Standing Order"). This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District pursuant to 28 U.S.C. § 1410.

## RELIEF REQUESTED

3. The Petitioner seeks entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), (a) setting December 17, 2020, or as soon thereafter as the Court's calendar permits, as the date (the "Recognition Hearing Date") for the hearing on the relief

2

sought in the Petition; (b) setting 4:00 p.m. (prevailing New York time) on December 10, 2020, as the deadline by which any responses or objections to the Petition must be received (the "Objection Deadline"); (c) setting 4:00 p.m. (prevailing New York time) on December 14, 2020, as the deadline by which any replies in support of the Petition must be received (the "Reply Deadline"); (d) approving the form of notice (the "Notice") attached hereto as Exhibit B of: (i) the Recognition Hearing Date, (ii) the Objection Deadline and (iii) the Debtors' intent to rely on foreign law, namely Brazilian Bankruptcy Law and related Brazilian insolvency law; (e) approving the manner of service of the Notice described herein; (f) approving the manner of service consistent with Bankruptcy Rule 2002(q) of any further pleadings that the Petitioner files in these Chapter 15 Cases; and (g) granting related relief.

4.  Specifically, the Petitioner proposes the following notice procedures: within three (3) business days of the entry of the Proposed Order, the Petitioner shall serve the Notice and the Petition (collectively, the "Notice Documents") by United States mail, first-class postage prepaid (or equivalent service) upon the following (collectively, the "Chapter 15 Notice Parties"): (i) counsel to the Bank of New York Mellon as Indenture Trustee; (ii) counsel to the ad hoc group of holders of the Existing Notes; (iii) the Depository Trust Company ("DTC"); (iv) the Financial Industry Regulatory Authority; (v) all brokers, nominees, noticing agents, and DTC participants (collectively and together with the Trustee, the "U.S. Intermediaries") that hold the securities in the "street names" on behalf of holders (hereinafter referred to collectively as the "Noteholders") of the Existing Notes, who will be individually responsible for providing such notice to the Noteholders in accordance with their respective internal practice and/or procedures and contractual obligations; (vi) the Securities and Exchange Commission; (vii) Branch Banking and Trust Company, Wells Fargo Bank N.A., JP Morgan Chase Bank, NA, PNC Bank, N.A. and Liberty

Mutual Insurance, where two of the Debtors hold bank accounts; (viii) the Debtors and their Brazilian bankruptcy counsel; (ix) the Office of the United States Trustee for the Southern District of New York; (x) all other parties that request notice in the Chapter 15 Cases as of the date of such service; and (xi) all other parties as this Court may direct.

## BASIS FOR RELIEF

5.  Bankruptcy Rule 2002(q)(1) of the Bankruptcy Rules provides that the debtor, all persons authorized to administer the foreign proceedings of the debtor, all entities against whom provisional relief is sought, all parties to litigation in the United States to which the debtor is a party and "such other entities as the court may direct" must be given at least 21 days' notice of the hearing on the petition for recognition of a foreign proceeding. Fed. R. Bankr. P. 2002(q)(1). Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (provided the Bankruptcy Rules do not otherwise specify the appropriate form and manner of such notice). Fed. R. Bankr. P. 2002(m), 9007. Although Bankruptcy Rule 2002(q) provides that the parties identified therein must receive at least 21 days' notice by mail of the hearing on the petition for recognition of a foreign proceeding, it does not specify the form and manner in which such notice must be given.

6.  Therefore, pursuant to Bankruptcy Rules 2002(m) and 9007, this Court may specify such form and manner of notice. The Petitioner respectfully submits that service of the Notice Documents by United States mail, first-class postage prepaid (or equivalent service) upon the Chapter 15 Notice Parties in accordance with Bankruptcy Rule 2002(k) and (q) and Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules") 2002-1, 9006-1(b) and 9013-1(b) within three (3) business days of the entry of the Proposed Order constitutes adequate and sufficient notice of these

4

Chapter 15 Cases, the relief sought in the OEC Petition, the time fixed for filing objections to the relief sought in the Petition, and the time, date and place of the Recognition Hearing. Additionally, service by the Petitioner of all further pleadings that it files in these Chapter 15 Cases by United States mail, first class postage prepaid (or equivalent service), on the Chapter 15 Notice Parties is an efficient and effective way to provide notice to such parties.

7. Accordingly, the Petitioner respectfully requests that this Court approve the foregoing manner of notice and service of the Notice Documents pursuant to Bankruptcy Rules 2002 (m), (q) and 9007.

8. Bankruptcy Code section 1517(c) provides that a petition for recognition shall be decided "at the earliest possible time." Moreover, Bankruptcy Rule 1012(b) provides that a party objecting to a petition filed to commence an ancillary proceeding under chapter 15 of the Bankruptcy Code has until seven (7) days before the date set for hearing to respond, unless the court orders otherwise. See Fed. R. Bankr. P. 1012(b). Finally, Bankruptcy Rule 2002(q)(1) provides that parties are to be given twenty-one (21) days' notice of a hearing on a chapter 15 petition. See Fed. R. Bankr. P. 2002(q)(1). In light of this requirement, the Petitioner respectfully submits that setting (i) December 17, 2020 (or as soon thereafter as the Court's calendar permits) as the Recognition Hearing Date and (ii) December 10, 2020 at 4:00 pm (prevailing New York time) as the Objection Deadline is appropriate.

9. Local Rule 9006-1(b) provides that any reply papers in support of a motion shall be served so as to ensure actual receipt no later than 4:00 p.m. three (3) days before the hearing date. In light of this requirement, the Petitioner respectfully submits that setting December 14, 2020 at 4:00 p.m. (prevailing New York time) as the Reply Deadline is appropriate.

10.     Section 1514(c) of the Bankruptcy Code provides that when notification of the commencement of a case is to be given to foreign creditors, such notification shall, *inter alia*, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim and indicate whether secured creditors need to file proofs of claim. 11 U.S.C. § 1514(c). Given that section 1514(c) does not appear to apply in these Chapter 15 Cases (as the Debtors have not sought to commence a case under any other chapter of the Bankruptcy Code), the Petitioner respectfully requests that the requirements contained therein be waived in this instance. In addition, the Brazilian Reorganization Plan and the Brazilian EJ Proceeding only compromises certain note obligations and no foreign creditors will be required to file any proof of claims relating to debt obligations other than the certain note obligations restructured through the Brazilian Reorganization Plan and the Brazilian EJ Proceeding. Courts in this district have granted such requests. See Order (I) Scheduling Hr'g Regarding Verified Chapter 15 Pet., and (II) Specifying Form and Manner of Service of Notice, In re Upper Deck Int'l B.V., No. 12-14294 (Bankr. S.D.N.Y. Oct. 18, 2012, ECF No. 8). Because the claims process was handled through the Brazilian EJ Proceeding, only the unsecured note obligations are being compromised through the EJ, and no creditor objections were raised in the Brazilian EJ Proceeding, waiving these requirements is consistent with principles of comity and cooperation among courts, as well as the ancillary nature of these Chapter 15 Cases.

## NOTICE

11.     Notice of this Application has been provided to the Chapter 15 Notice Parties defined above. The Petitioner submits that no other or further notice need be provided.

12.     No previous request for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

**WHEREFORE**, the Petitioner respectfully requests that this Court enter an order (i) granting the relief requested herein and (ii) granting such other and further relief as the Court deems just and proper.

Dated: November 24, 2020
New York, New York

CLEARY GOTTLIEB STEEN & HAMILTON LLP

By: /s/ Luke A. Barefoot
    Luke A. Barefoot

Richard J. Cooper, Esq.
Luke A. Barefoot, Esq.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
Telephone: 212-225-2000
Facsimile: 212-225-3999

*Attorneys for the Foreign Representative*
*of Odebrecht Engenharia e Construção S.A.*
*and affiliated debtors*