**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Odebrecht Engenharia e Construção S.A., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding | Chapter 15<br><br>Case No. 20-12741 |

**ORDER PURSUANT TO FEDERAL RULES OF**
**BANKRUPTCY PROCEDURE 2002 AND 9007 SCHEDULING**
**HEARING AND SPECIFYING FORM AND MANNER OF SERVICE AND NOTICE**

Upon the Application[2] of Adriana Henry Meirelles, authorized foreign representative (in such capacity, the "Petitioner") of Odebrecht Engenharia e Construção S.A. ("OEC") and its affiliated debtors in these Chapter 15 Cases (the "Debtors"), in the jointly-administered judicial reorganization (*recuperação extrajudicial* or "EJ") proceeding (the "Brazilian EJ Proceeding"), in the First Court of Bankruptcy and Judicial Recovery of the State of São Paulo pursuant to Federal Law No. 11.101 of February 9, 2005 (the "Brazilian Bankruptcy Law") of the laws of the Federative Republic of Brazil ("Brazil"), by and through her undersigned counsel, submits this application (the "Application") for the entry of an order (a) scheduling a hearing on the relief sought in the *Verified Petition for Recognition of the Brazilian EJ Proceeding and Motion for Order Granting Final Relief Pursuant to 11 U.S.C. §§ 105(a), 1507, 1509(b), 1515, 1517, 1520(a) and 1521* (the "Verified Petition" and together with the *Official Form Petitions* filed by the Petitioner contemporaneously herewith, the "Petition"); (b) specifying the form and manner of

---

[1]     The Debtors in these chapter 15 cases (the "Chapter 15 Cases") and the last four identifying digits of the tax number in the jurisdiction are: Odebrecht Engenharia e Construção S.A. (Brazil – 01-28); CNO S.A. (Brazil – 01-82); OECI S.A. (Brazil – 01-78).

[2]     Any capitalized term not defined herein shall have the meaning ascribed to such term in the Application.

service of notice thereof; and (c) approving the manner of service of any further pleadings filed by the Petitioner in these Chapter 15 Cases; it is hereby:

ORDERED, that due to the COVID-19 pandemic and in accordance with the Court's General Order M-543, dated March 20, 2020, the Recognition Hearing shall be held telephonically before this Court on **December 21, 2020 at 11:00 a.m**. (prevailing New York time).  Parties wishing to participate at the hearing must make arrangements through Court Solutions LLC. Instructions to register for Court Solutions LLC are attached to the Court's General Order M-543, a copy of which is attached hereto; and it is further

ORDERED, that Notice substantially similar to the form of notice attached as Exhibit B to the Application is hereby approved; and it is further

ORDERED, that the Petitioner has provided sufficient notice that the Petitioner plans to raise issues of foreign law to the extent necessary to grant recognition to the Brazilian EJ Proceeding; and it is further

ORDERED, that the notice requirements set forth in Section 1514(c) of the Bankruptcy Code are inapplicable in the context of these Chapter 15 Cases or are hereby waived; and it is further

ORDERED, that copies of the Notice, the Petition and the documents filed in support thereof (collectively, the "Notice Documents") shall be served by United States mail, first-class postage prepaid (or equivalent service), upon the Chapter 15 Notice Parties within three (3) days of entry of this Order.  In addition to the parties specified as "Notice Parties" the notice of the recognition hearing and related papers shall also be served on any and all parties to litigation against the debtors that is pending in the United States; and it is further

ORDERED, that if any party files a notice of appearance in these cases, the Petitioner shall serve the Notice Documents upon such party within ten (10) business days of the filing of such notice of appearance if such documents have not already been served on such party (or its counsel); and it is further

ORDERED, that responses or objections, if any, to the Petition shall be made in writing and shall set forth the basis therefor, and such responses or objections must be: (i) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov), and (ii) served upon Cleary Gottlieb Steen & Hamilton, One Liberty Plaza, New York, New York 10006-1470 (Attn: Richard J. Cooper and Luke A. Barefoot), counsel to the Petitioner, so as to be received on or before 4:00 p.m. (prevailing New York time) (prevailing New York time) on December 15, 2020; and it is further

ORDERED, that the Petitioner's reply, if any, to any response or objection to the Petition shall be made in writing and shall set forth the basis therefor, and such responses or objections must be: (i) filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means (copies of each of which may be viewed on the Court's website at www.nysb.uscourts.gov), and (ii) served upon each party or, if represented by counsel, upon such party's counsel, that filed any response or objection so as to be received on or before 4:00 p.m. (prevailing New York time) on December 18, 2020; and it is further

ORDERED, that any further pleadings by the Petitioner in these Chapter 15 Cases shall be served on the Chapter 15 Notice Parties, as well as any and all parties to litigation against the debtors that is pending in the United States; and it is further

ORDERED, that service of the Notice Documents in accordance with this Order is hereby approved as adequate and sufficient service and adequate notice of the Recognition Hearing.

Dated: New York, New York
      November 25, 2020

                                       /s/ **Michael E. Wiles**
                                       UNITED STATES BANKRUPTCY JUDGE